UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re:<br><br>ELENI SAKALIS<br>     Debtor<br><br>ELENI SAKALIS<br>     Plaintiff<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR SAXON ASSET SECURITIES TRUST 2007-3, MORTGAGE LOAN ASSET BACKED CERTIFICATES, SERIES 2007-3<br>and JOHN DOE<br>     Defendants | Case No. 24-10425-CJP<br>Chapter 13<br><br><br><br><br><br> Adversary No. |

VERIFIED COMPLAINT

Parties and Jurisdiction

1. The Plaintiff Eleni Sakalis is an individual and the Debtor in the main case herein.

2. The Defendant Deutsche Bank National Trust Company as Trustee for Saxon Asset Securities Trust 2007-3, Mortgage Loan Asset Backed Certificates, Series 2007-3 ("Deutsche") is a corporation organized under law with a place of business at 1761 E Sain Andrew Pl, Santa Ana, CA 92705.

3. The Defendant John Doe is a natural person of unknown residency who bid at a purported foreclosure sale and was the successful bidder at the purported foreclosure

1

sale. Once the identity of this person is ascertained this Complaint shall be amended to include his identity.

4. This action arises out of the provisions of 11 U.S.C. §544(a)(3), §548 and Mass. Gen. L. c. 109A and seeks to set aside a purported foreclosure auction of the Plaintiff's real property located at 201 Prospect Street, Norwood, Massachusetts (the "Property").

5. This Court has jurisdiction over this complaint by virtue of 28 U.S.C. §151 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(H).

6. The Plaintiff consents to the entry of final orders or judgments by this Court.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

8. The Plaintiff became the owner of the Property by a deed from her husband Antonios Sakalis recorded at the Norfolk County Registry of Deeds on November 16, 2020 in Book 38614, Page 461.

9. At the time the Plaintiff became an owner of the Property the Property was subject to a mortgage granted to Saxon Mortgage Inc. dated May 31, 2007 and recorded in Book 24878, Page 405

10. The Mortgage was assigned to the Defendant Deutsche by an instrument recorded on September 22, 2015 in Book 33500, Page 290.

11. On February 9, 2024, the Defendant Deutsche conducted a purported foreclosure auction of the subject property executed a Memorandum of Sale to the Defendant John Doe. The execution of the Memorandum of Sale is a Transfer (the

"Transfer") of the Debtor's equity of Redemption in the Property and a Transfer as defined in 11 U.S.C. §101(54).

12. On the date of the purported foreclosure, the Property had an estimated fair market value of $830,000.

13. On the date of the purported foreclosure the balance owed on the note secured by the Mortgage was approximately $630,000. There was significant equity in the Property at the time of the foreclosure.

14. The undersigned Counsel to the Debtor has requested from the Deutsche's attorney the name of the purchaser at the purported foreclosure sale and the purchase price of the purported foreclosure sale. Deutsche's attorney has declined to provide that information to the Debtor's attorney.

15. The Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code on March 5, 2024. The Debtor scheduled her interest in the Property and has claimed a homestead exemption in the Property in the amount of $125,000.

16. To date, no foreclosure deed, affidavit or memorandum has been recorded at the Norfolk Registry of Deeds since the time of the purported foreclosure.

Count I
Avoidance of Foreclosure sale pursuant to 11 U.S.C. §544

17. The Plaintiff repeats and realleges the allegations in Paragraphs 1 through 16 as is set for the separately herein.

18. Under applicable Massachusetts law the execution of the Memorandum of Foreclosure sale extinguished the Debtor's equity of redemption.

19. The Defendants did not record any documents in the Norfolk Registry of Deeds to evidence the transfer of title to the Property to the Defendant John Doe prior to the petition date.

20. Pursuant to 11 U.S.C. §544(a)(3) the Trustee or Debtor may avoid a transfer of an interest in real property of the Debtor to the extent a bona fide purchaser of the Property may avoid the transfer.

21. Pursuant to Mass. Gen. L. c. 183, §4 a transfer of an interest in real estate is not effective against subsequent purchasers without notice unless the instrument effecting the transfer has been recorded in the appropriate registry of deeds.

22. As the documents by which the Defendant John Doe claims to have acquired title to the Property, e.g. the Memorandum of Foreclosure Sale, a foreclosure deed or other document, were not recorded prior to the Petition, the Transfer of title to the Defendant John Doe is not valid against the Trustee/Debtor as a bona fide purchaser pursuant to §544(a)(3).

23. The Transfer to the Defendant John Doe may be avoided pursuant to §544(a)(3).

## Count II
### Fraudulent Transfer under 11 U.S.C.§548(a)(1)

24. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 17 as if set forth separately herein.

25. The Transfer of the Equity of Redemption was a Transfer of an interest of the Debtor in Property.

26. The Transfer occurred within the two years before the Petition Date.

27. The Debtor received less than a reasonably equivalent value in exchange for the Transfer

28. The Debtor was insolvent at the time of the Transfer

29. The Debtor was made insolvent as a result of the Transfer

30. The Transfer is avoidable pursuant to 11 U.S.C. §548,

Count III
Fraudulent Transfer under 11 U.S.C. §544
and Mass. Gen. L. c. 109A, §6(a) UFTA

31. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 17 as if separately set forth herein.

32. There was a creditor of the Debtor, Ellis Nursing Home, in existence at the time of the Transfer of the Equity of Redemption whose debt remains unpaid.

33. The Debtor did not receive a reasonably equivalent value in exchange for the Transfer.

34. The Debtor was insolvent at the time of the Transfer, or became insolvent as a result of the transfer.

35. The Transfer was fraudulent under Mass. Gen. L. c. 109A, §6(a).

## Count IV
### Liability for Avoided Transfer 11 U.S.C. §550(a)(1)

36. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 17 as if separately set forth herein.

37. Pursuant to 11 U.S.C. §550, the Plaintiff may recover the property transferred or the value of the Property transferred from the Defendant.

## Count V
### Automatic Preservation of Avoided Transfer 11 U.S.C. §551

38. The Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 17 as if separately set forth herein.

39. Pursuant to 11 U.S.C. §551, any transfer avoided under 11 U.S.C. §544 and §548 is preserved for the benefit of the Bankruptcy Estate.

40. The Property is automatically preserved for the benefit of the Bankruptcy Estate.

WHEREFORE, The Plaintiff Eleni Sakalis requests that the Court

1. Enter judgment in favor of the Plaintiff on Count 1 of the complaint avoiding the Transfer pursuant to 11 U.S.C. §544(a)(3).

2. Enter judgment in favor of the Plaintiff on Count II of the complaint avoiding the Transfer pursuant to 11 U.S.C> §548.

3. Enter judgment in favor of the Plaintiff on Count II of the complaint avoiding the Transfer pursuant to 11 U.S.C. §544 and Mass. Gen. L. c. 109A, §6

4. Enter judgment for the Plaintiff avoiding the Transfer and preserving the Property for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §§550 and 551.

5. Grant such other relief as is just.

ELENI SAKALIS
By his attorney

Dated: March 11, 2024

*/s/ John O. Desmond*
John O. Desmond (BBO 554580)
5 Edgell Road, Suite 30A
Framingham, MA 01701
Tel: (508) 879-9638
Email: attorney@jdesmond.com

Verification

I, Eleni Sakalis, the Adversary Plaintiff in the above-captioned Adversary Proceeding, declare under the penalty of perjury under the laws of the Commonwealth of Massachusetts that I have read the foregoing Adversary Complaint and know the contents thereof, and that the allegations contained therein are true and correct to the best of my own knowledge, information and belief, and that no material facts have been omitted.

EXECUTED this 11th day of March, 2024 at Framingham, Massachusetts.

*/s/ Eleni Sakalis*
Eleni Sakalis

7